UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW BALKAM, | ) 1:11-cv—00383-LJO-SKO-HC |
| Petitioner, | ) ORDER DIRECTING RESPONDENT TO FILE SUPPLEMENTAL BRIEFING AND RECORD NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER |
| v. | |
| JAMES HARTLEY, Warden, et al, | |
| Respondents. | ) ORDER PERMITTING PETITIONER TO FILE A RESPONSE NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF RESPONDENT'S BRIEFING AND RECORD |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is Respondent's motion to dismiss the remaining claim in the petition, which concerns an alleged violation of due process predicated on the inconsistency of the governor's rescission of parole with Petitioner's plea bargain concerning the commitment offense. Petitioner filed an opposition. Respondent did not file a reply.

Respondent claims that the issue concerning the plea bargain was not fairly presented to the state courts. However, Respondent appears to concede in the motion to dismiss that the

1

petition filed in the California Supreme Court appears as pages 28 through 362 of the instant petition.[1]  The Court notes that the pertinent pages include a copy of Petitioner's response to the Attorney General's informal response filed in the trial court habeas corpus proceeding.  (Doc. 1, 345-48.)  In that response, Petitioner addresses the plea bargain issue.  It thus appears that the response was before the California Supreme Court.  In his opposition, Petitioner also appears to assert that this response was submitted as an exhibit in petitions to the higher state courts.  (Opp., doc. 13, 1.)

It would assist the Court to have briefing on whether this portion of the record is sufficient to constitute fair presentation to the California Supreme Court of the due process claim concerning the plea bargain.  Further, review of the docket of <u>Matthew Balkam on Habeas Corpus</u>, case number S188405, reflects that an answer to the petition was filed in the Supreme Court, and Petitioner filed a reply.  Further, a "doghouse" of the California Court of Appeal's record from a proceeding in that court was filed in the Supreme Court.[2]  It is possible that this Court does not have before it the entire record of the proceedings in the California Supreme Court that pertains to the

---

[1] Respondent refers to court document 8, which is a copy of the petition filed in the instant action that was served on the Attorney General in connection with the Court's order requiring a response to the petition. However, the Court will refer to the original petition filed in this action, which appears as document 1 in the docket.

[2] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official web sites.  Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Daniels-Hall v. National Education Association</u>, 629 F.3d 992, 999 (9th Cir. 2010).

1 plea bargain claim.

2     A court has inherent power to control its docket and the
3 disposition of its cases with economy of time and effort for both
4 the court and the parties. <u>Landis v. North American Co.</u>, 299
5 U.S. 248, 254-255 (1936); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260
6 (9th Cir. 1992). In the exercise of its discretion to facilitate
7 economical disposition of the motion to dismiss, the Court will
8 require Respondent to furnish the Court with the full record of
9 the briefing in the proceeding in the California Supreme Court,
10 including but not limited to the answer to the petition for
11 review filed on December 22, 2010, and the reply to the answer
12 filed on or about January 3, 2011. Further, Respondent should
13 submit any portion of the record before the California Supreme
14 Court that concerned the plea bargain claim.

15     Accordingly, IT IS ORDERED that:

16     1) Respondent shall SUBMIT to this Court no later than
17 thirty (30) days after the date of service of this order copies
18 of all briefing in <u>Matthew Balkam on Habeas Corpus</u>, California
19 Supreme Court case number S188405, including but not limited to
20 the answer to the petition and the reply to the answer;
21 Respondent shall also submit any and all portions of the record
22 before the California Supreme Court in that proceeding that have
23 not previously been submitted by the parties and that mention or
24 concern the plea bargain claim; and

25     2) Respondent shall FILE no later than thirty (30) days
26 after the date of service of this order briefing concerning
27 whether the fair presentation requirement was met by Petitioner's
28 inclusion in the petition filed in the California Supreme Court

3

of the response filed in the trial court, or by the presence of any other matter referring to the plea bargain claim in the briefing or other filings in the California Supreme Court proceeding; and

    3) Petitioner may file a response no later than thirty (30) days after the date of service of Respondent's briefing.

IT IS SO ORDERED.

**Dated:   July 13, 2011**                                         /s/ Sheila K. Oberto
                                                        UNITED STATES MAGISTRATE JUDGE