1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW BALKAM,                   ) | 1:11-cv—00383-LJO-SKO-HC |
|                                   ) | |
|              Petitioner,          ) | FINDINGS AND RECOMMENDATIONS TO |
|                                   ) | GRANT RESPONDENT'S MOTION TO |
|                                   ) | DISMISS THE PETITION FOR FAILURE |
|     v.                            ) | TO EXHAUST STATE COURT REMEDIES |
|                                   ) | (DOCS. 12, 1) |
| JAMES HARTLEY, Warden, et al,     ) | |
|                                   ) | FINDINGS AND RECOMMENDATIONS TO |
|              Respondents.         ) | DISMISS THE PETITION WITHOUT |
|                                   ) | PREJUDICE (DOC. 1), DECLINE TO |
| _____  ) | ISSUE A CERTIFICATE OF |
|                                     | APPEALABILITY, AND DIRECT THE |
|                                     | CLERK TO CLOSE THE CASE |
|                                     | |
|                                     | OBJECTIONS DEADLINE: THIRTY (30) |
|                                     | DAYS AFTER SERVICE OF THIS ORDER |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is Respondent's motion to dismiss the petition for failure to exhaust state court remedies, which was filed on June 6, 2011. Petitioner filed an opposition on June 21, 2011. Pursuant to the Court's order, Respondent filed supplemental briefing and records on August 10, 2011. Petitioner filed a supplemental response on September 6, 2011.

1    I.    <u>Proceeding by a Motion to Dismiss</u>

2          Because the petition was filed after April 24, 1996, the

3    effective date of the Antiterrorism and Effective Death Penalty

4    Act of 1996 (AEDPA), the AEDPA applies to the petition. <u>Lindh v.</u>

5    <u>Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d

6    1484, 1499 (9th Cir. 1997).

7          A district court may entertain a petition for a writ of

8    habeas corpus by a person in custody pursuant to the judgment of

9    a state court only on the ground that the custody is in violation

10   of the Constitution, laws, or treaties of the United States.  28

11   U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362,

12   375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. –, -, 131 S.Ct. 13,

13   16 (2010) (per curiam).

14         Rule 4 of the Rules Governing Section 2254 Cases in the

15   United States District Courts (Habeas Rules) allows a district

16   court to dismiss a petition if it "plainly appears from the face

17   of the petition and any exhibits annexed to it that the

18   petitioner is not entitled to relief in the district court...."

19         The Ninth Circuit has allowed respondents to file motions to

20   dismiss pursuant to Rule 4 instead of answers if the motion to

21   dismiss attacks the pleadings by claiming that the petitioner has

22   failed to exhaust state remedies or has violated the state's

23   procedural rules. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418,

24   420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss

25   a petition for failure to exhaust state remedies).

26         Further, a respondent may file a motion to dismiss after the

27   Court orders the respondent to respond, and the Court should use

28   Rule 4 standards to review a motion to dismiss filed before a

1  formal answer.  See, Hillery, 533 F. Supp. at 1194 & n.12.

2       In this case, upon being directed to respond to the petition

3  by way of answer or motion, Respondent filed the motion to

4  dismiss.  The material facts pertinent to the motion are to be

5  found in the pleadings and in copies of the official records of

6  state parole and judicial proceedings which have been provided by

7  the parties, and as to which there is no factual dispute.  The

8  Court will therefore review Respondent's motion to dismiss

9  pursuant to its authority under Rule 4.

10      II.  Background

11      Petitioner, an inmate of the Avenal State Prison (ASP),

12 challenges the decision of California's governor made in March

13 2010 to rescind a decision of California's Board of Parole

14 Hearings (BPH) finding Petitioner suitable for parole after a

15 hearing held before the BPH on October 14, 2009.  (Pet 1-22, 38.)

16 Petitioner filed post-judgment proceedings for collateral relief

17 in the Superior Court of the State of California, County of

18 Riverside; the California Court of Appeal for the Fourth

19 Appellate District; and the California Supreme Court.  (Id. 2-3.)

20      After the Court's screening process, the sole claim

21 remaining in the petition before the Court is that application to

22 Petitioner of the procedure for gubernatorial review denied

23 Petitioner's right to due process of law because it changed the

24 terms of the plea agreement reached in connection with his guilty

25 plea to the commitment offense, second degree murder.  Respondent

26 contends that Petitioner did not present the factual or legal

27 basis of this claim to the California Supreme Court, and thus

28 Petitioner failed to exhaust state court remedies as to the one

3

1  claim remaining in the petition.

2      The record reflects that Petitioner did not mention the

3  issue in the body of the petition that he filed in the California

4  Supreme Court. (Pet., doc. 1, 30-52.)  However, it is undisputed

5  that Petitioner raised the issue in a reply to the informal

6  response of the government in the Superior Court habeas

7  proceeding.  This reply, entitled "RESPONSE TO THE ATTORNEY

8  GENERALS INFORMAL RESPONSE, in re Matthew Balkam, Case No.

9  RIC10009489," was attached as an exhibit to the petition filed by

10 Petitioner in the California Supreme Court.  (Id. at 345-48.)

11 Review of the copy of the entire petition, including exhibits,

12 that was filed in the California Supreme Court reflects that the

13 issue was not mentioned in any other portion of the petition.

14 (Id. at 28-362.)[1]

15     III.  Exhaustion of State Court Remedies

16         A.  Legal Standards

17     A petitioner who is in state custody and wishes to challenge

18 collaterally a conviction by a petition for writ of habeas corpus

19 must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

20 The exhaustion doctrine is based on comity to the state court and

21 gives the state court the initial opportunity to correct the

22 state's alleged constitutional deprivations.  Coleman v.

23 Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,

24 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir.

25

26     _____

27 [1] Respondent refers to court document 8, which is a copy of the petition
   filed in the instant action that was served on the Attorney General in
   connection with the Court's order requiring a response to the petition.
28 However, the Court will refer to the original petition filed in this action,
   which appears as document 1 in the docket.

                                    4

1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due

5

process of law guaranteed by the Fourteenth Amendment,
he must say so, not only in federal court, but in state
court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule

further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir.

2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th

Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly
> presented" (and thus exhausted) his federal claims
> in state court unless he specifically indicated to
> that court that those claims were based on federal law.
> See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
> 2000). Since the Supreme Court's decision in Duncan,
> this court has held that the petitioner must make the
> federal basis of the claim explicit either by citing
> federal law or the decisions of federal courts, even
> if the federal basis is "self-evident," Gatlin v. Madding,
> 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
> Harless, 459 U.S. 4, 7... (1982), or the underlying
> claim would be decided under state law on the same
> considerations that would control resolution of the claim
> on federal grounds, see, e.g., Hiivala v. Wood, 195
> F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
> 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
> at 865.
> ...
> In Johnson, we explained that the petitioner must alert
> the state court to the fact that the relevant claim is a
> federal one without regard to how similar the state and
> federal standards for reviewing the claim may be or how
> obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as

amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir.

2001).

Where none of a petitioner's claims has been presented to

the highest state court as required by the exhaustion doctrine,

the Court must dismiss the petition.  Raspberry v. Garcia, 448

F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478,

481 (9th Cir. 2001).  Further, where some claims are exhausted

and others are not (i.e., a "mixed" petition), the Court must

6

dismiss the petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so. Rose, 455 U.S. at 510, 521-22; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997), en banc, cert. denied, 118 S.Ct. 265 (1997); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997), cert. denied, 117 S.Ct. 1794 (1997). However, the Court must give a petitioner an opportunity to amend a mixed petition to delete the unexhausted claims and permit review of properly exhausted claims. Rose v. Lundy, 455 U.S. at 520; Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998), cert. denied, 525 U.S. 920 (1998); James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

Generally a state prisoner does not fairly present a claim to a state court if, in order to find the material in question, that court must read beyond a petition, brief, or similar document that does not itself alert it to the presence of a federal claim. Baldwin v. Reese, 541 U.S. 27, 32 (2004); accord, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005) (a statement of the issue in motions and briefing in the trial court was held not sufficient to alert an appellate court to the issue); Robinson v. Kramer, 588 F.3d 1212, 1217 (9th Cir. 2009) (a trial transcript reflecting the raising of an issue was not lone sufficient to present the claim to the appellate court).

    B.  Analysis

Here, Petitioner failed to raise the issue concerning his plea in the body of his petition to the California Supreme Court. The only mention of an issue concerning the effect of gubernatorial review on Petitioner's guilty plea to his

7

1  commitment offense was in a pleading filed in the trial court and
2  included as an exhibit to the petition filed in the California
3  Supreme Court.  This is insufficient to constitute fair
4  presentation of Petitioner's claim to the California Supreme
5  Court.

6       Although non-exhaustion of remedies has been viewed as an
7  affirmative defense, it is the petitioner's burden to prove that
8  state judicial remedies were properly exhausted.  28 U.S.C.
9  § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950),
10 overruled in part on other grounds in Fay v. Noia, 372 U.S. 391
11 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).
12 If available state court remedies have not been exhausted as to
13 all claims, a district court must dismiss a petition.  Rose v.
14 Lundy, 455 U.S. 509, 515-16 (1982).

15      Accordingly, the Court concludes that as to the one claim
16 remaining in the petition, Petitioner failed to exhaust his state
17 court remedies.  Respondent's motion to dismiss the petition
18 should be granted.

19      IV.  Certificate of Appealability

20      Unless a circuit justice or judge issues a certificate of
21 appealability, an appeal may not be taken to the Court of Appeals
22 from the final order in a habeas proceeding in which the
23 detention complained of arises out of process issued by a state
24 court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537
25 U.S. 322, 336 (2003).  A certificate of appealability may issue
26 only if the applicant makes a substantial showing of the denial
27 of a constitutional right.  § 2253(c)(2).  Under this standard, a
28 petitioner must show that reasonable jurists could debate whether

1   the petition should have been resolved in a different manner or
2   that the issues presented were adequate to deserve encouragement
3   to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336
4   (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A
5   certificate should issue if the Petitioner shows that jurists of
6   reason would find it debatable whether the petition states a
7   valid claim of the denial of a constitutional right and that
8   jurists of reason would find it debatable whether the district
9   court was correct in any procedural ruling.  Slack v. McDaniel,
10  529 U.S. 473, 483-84 (2000).

11      In determining this issue, a court conducts an overview of
12  the claims in the habeas petition, generally assesses their
13  merits, and determines whether the resolution was debatable among
14  jurists of reason or wrong.  Id.  It is necessary for an
15  applicant to show more than an absence of frivolity or the
16  existence of mere good faith; however, it is not necessary for an
17  applicant to show that the appeal will succeed.  Miller-El v.
18  Cockrell, 537 U.S. at 338.

19      A district court must issue or deny a certificate of
20  appealability when it enters a final order adverse to the
21  applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

22      Here, it does not appear that reasonable jurists could
23  debate whether the petition should have been resolved in a
24  different manner.  Petitioner has not made a substantial showing
25  of the denial of a constitutional right.  Accordingly, it will be
26  recommended that the Court decline to issue a certificate of
27  appeal ability.
28  ///

1    V.    Recommendations

2        Accordingly, it is RECOMMENDED that:

3        1)    Respondent's motion to dismiss the petition for failure
4    to exhaust state court remedies be GRANTED; and

5        2)    The petition be DISMISSED without prejudice for failure
6    to exhaust state court remedies; and

7        3)    The Court DECLINE to issue a certificate of
8    appealability; and

9        4)    The Clerk be DIRECTED to close the case.

10       These findings and recommendations are submitted to the
11   United States District Court Judge assigned to the case, pursuant
12   to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
13   the Local Rules of Practice for the United States District Court,
14   Eastern District of California.  Within thirty (30) days after
15   being served with a copy, any party may file written objections
16   with the Court and serve a copy on all parties.  Such a document
17   should be captioned "Objections to Magistrate Judge's Findings
18   and Recommendations."  Replies to the objections shall be served
19   and filed within fourteen (14) days (plus three (3) days if
20   served by mail) after service of the objections.  The Court will
21   then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
22   § 636 (b)(1)(C).  The parties are advised that failure to file
23   objections within the specified time may waive the right to
24   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
25   1153 (9th Cir. 1991).

26   IT IS SO ORDERED.

27   Dated:   January 3, 2012           /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE
28